UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
BOLONSAY WAWA MONDJO,

                          Petitioner,                      ORDER

      -against-

                                                   05CV6054 (SLT)(VVP)

ALBERTO R. GONZALES,[1] et al.,

                          Respondents.
-----------------------------------------------------X
TOWNES, U.S.D.J.

      The instant petition for a writ of habeas corpus under 28 U.S.C. §2241 challenging an order of deportation was filed on December 27, 2005. On May 11, 2005, Congress enacted the REAL ID Act of 2005 ("the Act"), Pub. L. No. 109-13, § 106 (a)(1)(B), 119 Stat. 231, which among other things, provides:

> [a] petition for review filed with the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act.

The Act specifically states that these provisions shall take effect on the enactment date and shall apply to cases "in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this Act."

      As a result of the REAL ID Act, this Court does not have jurisdiction to review Petitioner's claim. By depriving district courts of jurisdiction to hear cases challenging final orders of removal, Congress necessarily deprived district courts of jurisdiction to grant stays of

---

[1] The original caption named former Attorney General John Ashcroft as a respondent. Because the position of Attorney General has since been filled by Alberto R. Gonzales, his name hereby replaces that of Ashcroft in the caption.

removal in such cases. Under INA § 242(b)(3)(B), 8 U.S.C. § 1252(b)(3)(B), the only court that may issue a stay is the court that will issue a "decision on the petition." Moreover, the record indicates that the Petitioner filed an appeal of his order of removal with the Board of Immigration Appeals ("BIA") on December 7, 2005, and the BIA must issue a final order of removal before Petitioner can seek relief in a United States Court of Appeals. Accordingly, this Court cannot hear the instant action and the petition is hereby dismissed.

**SO ORDERED.**

_____S/_____
SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Dated:    December 29, 2005
          Brooklyn, NY